IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL DUNCAN,

                Petitioner,

     v.                                 CASE NO. 07-3202-RDR

WARDEN, UNITED STATES PENITENTIARY
in LEAVENWORTH, KANSAS, et al.,

                Respondents.

**O R D E R**

Petitioner, a federal prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of a detainer lodged against him by the State of Missouri. The respondents named in the matter are the USPLVN Warden, the State of Missouri, and a United States Assistant Attorney General who served as a special prosecutor in petitioner's criminal case in the State of Missouri.

Petitioner states that following his federal conviction in 1997, Missouri filed a detainer against him on outstanding state criminal charges. Missouri obtained petitioner's presence for arraignment on the pending charges via a writ of habeas corpus ad prosequendum, and then returned petitioner to federal custody. A second writ of habeas corpus ad prosequendum issued to secure petitioner's appearance in the state district court in July 1998 for prosecution on the pending charges. Petitioner entered a guilty plea on those charges in January 1999. The detainer currently

lodged against him by the State of Missouri is for his future incarceration on that state conviction.

Prior to entering his plea, petitioner states he filed a Bureau of Prisons (BOP) administrative grievance in May 1998 to quash the second writ of habeas corpus ad prosequendum. In that administrative grievance, petitioner claimed the State of Missouri lost jurisdiction to prosecute him on the Missouri charges because it had violated his rights under the Interstate Agreement on Detainers (IAD). It is not at all clear whether petitioner fully exhausted his administrative appeals on that BOP grievance, or whether petitioner ever raised this claim in the state or appellate courts in Missouri.

Petitioner now seeks to dismiss or quash the detainer Missouri lodged against him for future service of his Missouri sentence. He claims Missouri had no jurisdiction to accept his guilty plea in 1999 because it violated the anti-shuttling provision of the IAD prior to that plea proceeding. Citing Alabama v. Bozeman, 533 U.S. 146 (2001), petitioner claims the BOP was barred from sending him to Missouri in May 1998 on the second writ of habeas corpus ad prosequendum because he had been transferred to Missouri in January 1998 for arraignment on the Missouri charges and had been returned to BOP custody two weeks later.[1]

Having reviewed the record, the court finds this action is

---

[1] In Bozeman, a federal prisoner was brought to an Alabama state court for arraignment on outstanding charges, and then returned to federal custody. Approximately one month later, the prisoner returned to the state court for trial and was convicted. The Supreme Court reversed that conviction, finding dismissal of the Alabama charges was required pursuant to Article IV of the IAD because the State had violated the prisoner's right to be tried on the outstanding charges before being returned to the sending state.

2

subject to be summarily dismissed without prejudice for the following reasons.

To the extent petitioner seeks to invalidate his Missouri conviction and thereby lift the pending Missouri detainer, relief in federal court must be pursued under 28 U.S.C. § 2254 in the appropriate forum after first exhausting available state court remedies in Missouri. The appropriate federal forum to challenge the legality of petitioner's future confinement in Missouri would be in a federal district court in that state. <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484 (1973). However, on the face of the petition it is doubtful that petitioner could satisfy the one year limitations period for seeking habeas relief in a federal court, *see* 28 U.S.C. § 2244(d)(1),[2] and there is nothing to suggest the extraordinary circumstances and due diligence required for any equitable tolling of that statutory limitations period. Also, there is nothing to indicate that petitioner has exhausted all available remedies in the Missouri state courts, or that he would not now be procedurally barred from doing so. Absent a showing of fully exhausted claims without obvious procedural bars, the court finds it would not be in the interests of justice to transfer this matter to a United States District Court in Missouri for further proceedings under 28 U.S.C. § 2254.

To the extent petitioner is challenging the execution of his federal sentence and is asking the BOP to not give any effect to the present detainer alleged to be invalid, petitioner makes no showing that he has exhausted BOP administrative remedies on this particular

---

[2] *See* 28 U.S.C. § 2244(d)(1)(one year limitations period applies to state prisoners seeking habeas corpus relief in federal court).

3

claim. <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986)(exhaustion of administrative remedies is required before seeking relief under 28 U.S.C. § 2241 on a claim regarding the execution of a petitioner's federal sentence). Moreover, a detainer for petitioner's future service of a state sentence is clearly not covered by the IAD,[3] and the BOP is entitled to presume the Missouri detainer is valid until petitioner demonstrates the underlying state conviction and sentence have been overturned or invalidated.

Accordingly, petitioner is directed to show cause why the petition for writ of habeas corpus should not be dismissed without prejudice for the reasons stated by the court. Petitioner's motion for discovery (Doc. 3) is premature at best, and is denied without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) day to show cause why the petition should not be dismissed without prejudice.

IT IS FURTHER ORDERED that Petitioner's motion for discovery (Doc. 3) is denied without prejudice.

DATED: This 6th day of December 2007, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[3] *See* <u>McDonald v. New Mexico Parole Board</u>, 955 F.2d 631 (10th Cir. 1991)(Interstate Agreement on Detainers applies only to detainers lodged on untried criminal charges).

4