IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL DUNCAN,

                Petitioner,

     v.                                    CASE NO. 07-3202-RDR

**WARDEN, UNITED STATES PENITENTIARY**
**in LEAVENWORTH, KANSAS, et al.,**

                Respondents.


**O R D E R**

Petitioner, a federal prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se under 28 U.S.C. § 2241 to challenge a detainer lodged against him by the State of Missouri. The respondents named in the matter are the USPLVN Warden, the State of Missouri, and a United States Assistant Attorney General who served as a special prosecutor in petitioner's criminal case in the State of Missouri. Having reviewed the record, the court finds no show cause order to respondents is required because it is apparent on the face of petitioner's pleadings that petitioner is not entitled to relief in this matter.[1] 28 U.S.C. § 2241; Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

Following petitioner's federal conviction and incarceration, Missouri secured petitioner's presence in Missouri to prosecute and convict petitioner on state charges. Missouri then lodged a

---

[1] By a previous order, the court directed petitioner to show cause why the petition should not be dismissed because petitioner had not exhausted administrative remedies within the Bureau of Prisons (BOP). Petitioner thereafter documented his full exhaustion of BOP remedies.

detainer with USPLVN authorities for petitioner's service of his Missouri state sentence once petitioner was released from federal custody. *See* Fex v. Michigan, 507 U.S. 43, 44 (1993)(detainer defined as "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent").

In this action, petitioner essentially contends his repeated transport back and forth to Missouri pursuant to state writs of habeas corpus ad prosequendum triggered the Interstate Agreement on Detainers Act (IAD), and violated the anti-shuttling provisions of that act. Citing Alabama v. Bozeman, 533 U.S. 146 (2001),[2] petitioner insists his Missouri state conviction is not valid, and maintains the state detainer has no legal force and should be set aside.

To the extent petitioner may be attempting to challenge the validity of his state detainer and/or his Missouri conviction, he clearly must do so in Missouri after first exhausting state court remedies. This court has no jurisdiction over the Missouri respondents exercising legal control over petitioner by issuance of the detainer. Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004)(discussing proper respondent when habeas petitioner

---

[2]In Bozeman, state authorities lodged a detainer against an inmate incarcerated on a federal sentence. The inmate was transferred to the lodging state for a single day for the purpose of arraignment on the state charge and then returned to federal prison. The Court adhered to a literal interpretation of IAD which provides that where an inmate is transferred pursuant to a detainer, the charge to which the detainer relates must be dismissed if an inmate is returned to the place of his original imprisonment prior to the completion of the trial on that charge.

2

challenges custody other than his present physical confinement); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973)(habeas jurisdiction requires "that the court issuing the writ have jurisdiction over the custodian").  Petitioner appears to recognize as much, by asserting that he plans to raise such a challenge in Missouri.  Accordingly, the court does not consider issues such as whether any such challenge in a Missouri state or federal court is now time barred,[3] whether petitioner waived the right to assert a violation of IAD by entering a guilty plea on the Missouri charges,[4] or whether the writs of habeas corpus ad prosequendum issued to secure petitioner's appearance in the Missouri courts activated IAD provisions as petitioner contends.[5]

To the extent petitioner seeks an order requiring USPLVN officials to not honor the Missouri detainer and give it no effect, petitioner is entitled to no such relief.  While this court has jurisdiction to consider what effect, if any, USPLVN or BOP gives the Missouri detainer regarding petitioner's present federal confinement,[6] petitioner makes no allegation concerning the impact of the Missouri detainer on his federal incarceration.  Instead,

---

[3]*See e.g.*, 28 U.S.C. § 2244(d)(setting one year limitation period and tolling provisions for seeking federal habeas corpus relief from a state sentence).

[4]*See e.g.*, New York v. Hill, 528 U.S. 110 (2000)(discussing waiver of rights under IAD).

[5]*See e.g.,* United States v. Mauro, 436 U.S. 340, 361 (1978)(a writ of habeas corpus ad prosequendum is not a detainer for purposes of IAD).

[6]*See* Nelson v. George, 399 U.S. 224 (1970)(state is free to determine what effect, if any, a detainer by a sister state will have on a prisoner's custody).  *See also* IAD, Article II(a)(IAD "state" includes the United States of America).

3

petitioner's allegations clearly center on the legality of the detainer itself, for which relief must be pursued in Missouri.[7]

The court thus dismisses without prejudice the petition to the extent petitioner names the State of Missouri and Missouri prosecutor Mark Miller as respondents, and denies the petition as to the USPLVN Warden as the remaining respondent.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice regarding the two Missouri respondents, and the petition is denied regarding the USPLVN Warden.

**IT IS SO ORDERED.**

DATED: This 1st day of July 2010, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[7]*See e.g.*, Mokone v. Fenton, 710 F.2d 998, 1002-03 (3rd Cir. 1983)(where a detainer is based upon a conviction in another jurisdiction, and the prisoner seeks to challenge that detainer because of an alleged violation of IAD, the challenge must be raised in the demanding state).